# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MYRIAM GARCIA,

    Plaintiff,

v.

MARK DAWAHARE, FARMERS NEW WORLD LIFE INSURANCE COMPANY,

    Defendants.

Case No. 2:06-CV-00695-KJD-LRL

**ORDER**

Presently, the Court has before it Plaintiff's Motion for Remand (#4). Defendant Farmers New World Life Insurance Company ("Farmers") filed a response in opposition (#9).

**I. Background.**

In June 2003, Plaintiff's husband, Loreto Garcia, purchased a life insurance policy from Defendant Farmers. Defendant Dawahare was the insurance agent who assisted Loreto Garcia in purchasing the policy. Plaintiff was the named primary beneficiary of the subject life insurance policy which was in the amount of $100,000.

On January 31, 2005, Loreto Garcia died. The death certificate listed the cause of death as cadiopulmonary arrest due to a consequence of cardiomyopathy. Plaintiff timely notified Defendants of her husband's death. On June 16, 2005, and after investigating Plaintiff's claim for almost five months, Defendant Farmers sent Plaintiff a letter stating that her husband had made material

misrepresentations on his application about his past medical history. Given these alleged material misrepresentations, Defendant Farmers considered the policy null and void from its inception date and returned to Plaintiff all of the premiums that were paid.

Due to the denial of the policy, Plaintiff filed the instant action in state court on October 10, 2005. In the complaint, Plaintiff brought a breach of fiduciary duty claim against Defendant Dawahare. Against Defendant Farmers, Plaintiff brought claims for breach of contract, bad faith, and violation of Nevada's Unfair Trade Practices Act. Based on events revealed during discovery, Defendant Farmers re-evaluated and then reversed its prior decision declaring Loreto Garcia's policy null and void due to alleged material misrepresentations. On January 26, 2006, Defendant Farmers paid Plaintiff the life insurance proceeds of $100,000 plus interest of $3,500. On May 31, 2006, Plaintiff dismissed Defendant Mark Dawahare. With the dismissal of Defendant Dawahare, the parties were completely diverse.

Accordingly, Defendant Farmers filed its Notice of Removal on June 7, 2006. Farmers premised the removal on original jurisdiction based on diversity of citizenship. On June 13, 2006, Plaintiff filed her Motion for Remand. Plaintiff does not dispute that complete diversity is now present. Rather, she claims that Defendant Farmers has failed to demonstrate that the amount in controversy is in excess of $75,000.

**II. Analysis.**

The defendant in a removal action has the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Federal courts strictly construe the removal statutes against removal jurisdiction. See id. Doubts as to removability are usually resolved against the right of removal and in favor of remanding the case to state court. See id.

Removal is only appropriate for cases that might have originally been brought in federal court. See 28 U.S.C. § 1441(a); Caterpiller, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal district courts have original jurisdiction over suits between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

Generally, the amount in controversy is determined from the face of the pleadings. See Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000); Singer v. State Farm Mut. Auto. Ins., Co., 116 F.3d 373, 375 (9th Cir. 1997) (stating that the district court simply reads the ad damnum clause of the complaint to determine whether the amount in controversy requirement had been met). The sum claimed by the plaintiff controls so long as the claim is made in good faith. See Singer, 116 F.3d at 375 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938)). Rule 8 of the Nevada Rules of Civil Procedure, however, prohibits the pleading of damages in a specific amount over $10,000. See Nev. R. Civ. P. 8(a). When the amount in controversy is not facially apparent from the complaint, the removing defendant must support federal jurisdiction by setting forth facts that support a finding of the requisite amount. See Singer, 116 F.3d at 377. The removing defendant must prove the existence of the amount in controversy by a preponderance of evidence. See Sanchez v. Monumental Life Ins. Co., 102 F.2d 398, 403-04 (9th Cir. 1996).

Defendant Farmers argues that the amount in controversy requirement for a diversity action is met even if the Court were to rely on only the remaining claims.[1] Plaintiff's remaining claims are primarily an extra-contractual claim for bad faith and a claim under Nevada's Unfair Trade Practices Act. In relation to these claims, Plaintiff seeks general, special, and punitive damages. Given the face value of the underlying life insurance policy, $100,000, Plaintiff's demand for general, special and punitive damages clearly satisfies the jurisdictional amount requirement. See Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001) (stating that it is well established that punitive damages are part of the amount in controversy in a civil action); see also BMW of N. Am., Inc. v. Gore, 517 U.S. 559, 581 (1996) (stating that the Court had previously upheld punitive damage awards that were four and ten times the amount of compensatory damages). Additionally, Plaintiff is seeking her attorney's fees which her counsel has already estimated at over $35,000. See Galt G/S v. JSS

---

[1] It is not clear (and Plaintiff fails to cite any authority otherwise) that the court is limited to the remaining claims when addressing whether the amount in controversy exceeds $75,000. See Singer, 116 F.3d at 375 (quoting St. Paul Mercury Indem. Co., 303 U.S. at 288-90).

Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy); Farmers Home Mut. Ins. v. Fiscus, 725 P.2d 234, 237 (Nev. 1986) (upholding an award of attorneys' fees under Nev. Rev. Stat. 18.010(2)(b) against an insurance company that the district court found to have breached the implied covenant of good faith and fair dealing by the manner in which it denied the insured's claim). Defendant Farmers has met its burden that the amount in controversy of just the remaining claims clearly exceeds $75,000.

Moreover, Plaintiff's counsel has effectively admitted that Plaintiff is seeking more than $75,000 in damages. On page 4 of the Motion to Remand, counsel states that if Plaintiff's claims are proven "any jury will award Plaintiff more than $75,000 given Defendant's bad faith handling of this life insurance claim." Also, Plaintiff's counsel has already made two settlement demands via Offers of Judgment in the amounts of $500,000 and then later $125,000. These offers clearly show that the Plaintiff is seeking more than $75,000.

Finally, Plaintiff has failed to reply to Defendant Farmers' opposition. In its opposition, Defendant Farmers sets forth the arguments and evidence necessary to met the amount in controversy requirement of 28 U.S.C. § 1332(a). By failing to filing a reply brief, Defendant Farmers' arguments and evidence are essentially uncontested. The Court therefore interprets Plaintiff's failure to file a reply brief as consent that Defendant Farmers has demonstrated by a preponderance of evidence that Plaintiff's claims are seeking more than $75,000.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (#4) is **DENIED**.

DATED this 6th day of September 2006.

_____
Kent J. Dawson
United States District Judge